# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

No. 14-60729
Summary Calendar

CHEN LIANG,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 713 682

Before  HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Chen Liang, a native and citizen of China, entered this country without authorization and was ordered removed.  Liang petitions this court for review of an order of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ's") determination that he was not entitled to asylum, withholding of removal, or protection under the Convention Against Torture ("CAT") because his claims were not credible and he failed to provide

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonably available corroborative evidence.   He argues that he offered reasonable explanations for many of the inconsistent statements made during the course of his testimony, for the discrepancies that existed between his testimony and application, and for his failure to provide certain corroborative evidence.  He further contends that the IJ and BIA misconstrued parts of his testimony and erroneously required him to provide other corroborative evidence.  Finally, he argues that his credible testimony and record evidence establishes that he more likely than not will be persecuted and tortured based upon his Christian beliefs upon being returned to China.

We "review only the BIA's decision . . . unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).   Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang*, 569 F.3d at 537.   Furthermore, an adverse credibility determination may be supported by "any inconsistency or omission," provided that "the totality of the circumstances establishes that an asylum applicant is not credible."  *Id*. at 538 (quotation marks omitted).  In addition, the BIA and IJ may require an applicant for asylum and withholding of removal to provide reasonably available corroborative evidence to establish eligibility for asylum and withholding of removal.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal); *Rui Yang v. Holder*, 664 F.3d 580, 588−89 (5th Cir. 2011).

Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA as to whether

No. 14-60729

Liang was credible or eligible for asylum or withholding of removal, s*ee Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994), and Liang waived any argument that he was eligible for protection under the CAT by failing to adequately brief the issue. *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002). Consequently, his petition for review is DENIED.